No. 22-1112

---

# United States Court of Appeals for the Eighth Circuit

---

United States of America,

Appellee,

and

Douglas James Schneider,

Appellant.

---

APPEAL FROM U.S. DISTRICT COURT FOR THE DISTRICT OF
NORTH DAKOTA – WESTERN (1:19-CR-00124-DMT-1)

---

## BRIEF OF APPELLANT

---

VOGEL LAW FIRM
Luke T. Heck (ND #08133)
lheck@vogellaw.com
Drew J. Hushka (ND #08230)
dhushka@vogellaw.com
Jesse H. Walstad (ND #07375)
jwalstad@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
Attorneys for Appellant

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

The Federal Rules of Criminal Procedure prohibit a district court from participating in plea discussions. A district court participates in plea discussions when it advises the parties as to the terms it would be willing to accept in a hypothetical plea agreement.

Following his indictment, Appellant entered into a binding plea agreement with the Government for a sentence below the applicable guideline range. The district court rejected the plea agreement as too lenient. The district court also advised the parties it would be willing to accept a plea agreement sentencing Appellant within the applicable guideline range, identifying a specific sentencing guideline range.

Appellant argues the district court improperly participated in plea negotiations by advising what terms it would be willing to accept in a future plea agreement. Appellant argues this violation was a plain error affecting his substantial rights, requiring vacatur of the sentence imposed, his plea, and the plea agreement, and reassignment on remand.

Appellant requests oral argument, with fifteen minutes estimated as necessary to present the argument and to discuss and outline the Rule 11 error below.

Appellate Case: 22-1112    Page: 2    Date Filed: 02/22/2022 Entry ID: 5129408

# TABLE OF CONTENTS

Page

Summary of the Case and Request for Oral Argument............................i

Table of Contents...........................................................ii

Table of Authorities ..................................................... iii

Jurisdictional Statement................................................... 1

Statement of the Issues.................................................... 2

Statement of the Case ..................................................... 3

Summary of the Argument ................................................... 7

Argument .................................................................. 8

The district court's prospective advice on the plea terms
it would be willing to accept in a future plea agreement
constituted impermissible judicial participation in plea
negotiations, requiring vacatur of Mr. Schneider's
sentence, plea, and plea agreement......................................... 8

   A.   The district court committed a plain violation of
Rule 11(c)(1) when it participated in plea
discussions by prospectively advising what terms
would be acceptable in a hypothetical agreement. ................. 9

   B.   The district court's plain violation of Rule 11(c)(1)
affected Mr. Schneider's substantial rights in that
there is a reasonable probability he would not have
pleaded guilty but for the district court's
participation in plea discussions. ........................................ 16

Conclusion................................................................ 21

Appellate Case: 22-1112    Page: 3    Date Filed: 02/22/2022 Entry ID: 5129408

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*United States v. Bradley,*
455 F.3d 453 (4th Cir. 2006) ...........................................................16-17

*United States v. Crowell,*
60 F.3d 199 (5th Cir. 1995) ...................................................................10

*United States v. Dominguez Benitez,*
542 U.S. 74 (2004) ...................................................................................16

*United States v. Foy,*
617 F.3d 1029 (8th Cir. 2010) ..............................................................8-9

*United States v. Kyle,*
734 F.3d 956 (9th Cir. 2013) ........................................................ *passim*

*United States v. Kraus,*
137 F.3d 447 (7th Cir. 1998) ........................................................ *passim*

*United States v. Miles,*
10 F.3d 1135 (5th Cir. 1993) ..................................................................10

*United States v. Nesgoda,*
559 F.3d 867 (8th Cir. 2009) ....................................................................9

*United States v. Thompson,*
770 F.3d 689 (8th Cir. 2014) ..................................................................10

*United States v. Todd,*
521 F.3d 891 (8th Cir. 1997) ..................................................................16

*United States v. Washington,*
109 F.3d 459 (8th Cir. 1997) ....................................................................9

*United States v. Werker,*
535 F.2d 198 (2d Cir. 1976)....................................................................21

Appellate Case: 22-1112     Page: 4     Date Filed: 02/22/2022 Entry ID: 5129408

# TABLE OF AUTHORITIES

**PAGE**

<u>Statutes</u>

18 U.S.C. § 1291...................................................................................................1

18 U.S.C. § 2423...............................................................................................1, 3

18 U.S.C. § 3231...................................................................................................1

<u>Rules</u>

Fed. R. Crim. P. 11 .......................................................................... *passim*

Appellate Case: 22-1112    Page: 5    Date Filed: 02/22/2022 Entry ID: 5129408

# JURISDICTIONAL STATEMENT

Appellant was charged with Transportation of a Minor in violation of 18 U.S.C. § 2423(a). 18 U.S.C. § 3231 granted the district court jurisdiction because Appellant was charged with an offense against the law of the United States. Appellant pleaded guilty on October 20, 2021, and sentence was imposed on January 10, 2022. Appellant timely appealed on January 18, 2022. 28 U.S.C. § 1291 grants this Court jurisdiction because Appellant appeal from a final judgment for a United States District Court.

Appellate Case: 22-1112    Page: 6    Date Filed: 02/22/2022 Entry ID: 5129408

## STATEMENT OF THE ISSUES

1.   The Federal Rules of Criminal Procedure prohibit a district court from participating in plea negotiations.  A district court participates in plea negotiations when it advises what plea terms it would accept in a hypothetical plea agreement.  Here, after rejecting the parties' plea agreement, the district court advised it would accept a plea agreement within a certain specified guideline range.  The issue before the Court is whether the district court impermissibly participated in plea negotiations by offering acceptable terms in a hypothetical plea agreement.

### Apposite Authority

Fed. R. Crim. P. 11

*United States v. Kraus*, 137 F.3d 447 (7th Cir. 1998)

*United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013)

- 2 -

## STATEMENT OF THE CASE

On August 07, 2019, the Government indicted Appellant, Douglas James Schneider ("Mr. Schneider"), for one count of Transportation of a Minor in violation of 18 U.S.C. § 2423(a).[1]  On February 16, 2021, Mr. Schneider and the Government entered into a plea agreement, the terms of which were binding on the district court.[2]  Under the agreement, Mr. Schneider would plead guilty to the unamended charge,[3] and the parties would jointly recommend a sentence of 150 months imprisonment.[4]

On March 2, 2021, the parties appeared for a change of plea hearing under the initial plea agreement.[5]  At the outset of the hearing, the district court indicated it had reviewed the agreement, and based on its calculation, the United States Sentencing Guidelines called for a sentencing range exceeding the binding sentence recommendation

---

[1]  *See* App. 1; R. Doc. 1, at 1.

[2]  App. 2-3; R. Doc. 24, at ¶ 5; *see also* App. 6; R. Doc. 24, at ¶ 17.

[3]  App. 3; R. Doc. 24, at ¶ 6.

[4]  App. 7; R. Doc. 24, at ¶ 18(a).

[5]  *See generally* App. 15-28; R. Doc. 34.

Appellate Case: 22-1112    Page: 8    Date Filed: 02/22/2022 Entry ID: 5129408

agreed to by the parties.[6]  The district court then inquired why the parties were recommending the sentence provided in the plea agreement.[7]  After hearing the reasons,[8] the district court expressed opposition to the agreement based on those considerations.[9]  The district court then rejected the binding plea agreement.[10]

> Immediately following its rejection, the district court advised:
>
> [Y]our client can either have the three points [for acceptance of responsibility and timely notification when pleading guilty,] or he can take it to trial.  And I will tell you this, I'll sentence him within the guideline range, but he's not going to get a 15-year sentence for this type of conduct, particularly involving someone in his care.[11]

Then, following scheduling discussions, and a question by the AUSA regarding if the parties could informally submit a future plea agreement to the court prior to a change of plea hearing, the district court reiterated: "And as I indicated, I'll sentence him within the guidelines under a 37—

---

[6]  App. 18; R. Doc. 34, at 4:12-18.

[7]  App. 18; R. Doc. 34, at 4:19-20.

[8]  App. 18-20; R. Doc. 34, at 4:21-6:5.

[9]  *See* App. 23; R. Doc. 34, at 9:1-25.

[10]  App. 24; R. Doc. 34, at 10:1-2.

[11]  App. 24; R. Doc. 34, at 10:3-7.

Appellate Case: 22-1112     Page: 9     Date Filed: 02/22/2022 Entry ID: 5129408

so we're looking at 210 to 262 months—but he's not going to get 15 years. He's going to get more than that."[12]

After the district court's rejection of the initial plea agreement, the parties entered into a second plea agreement on July 15, 2021.[13] The second plea agreement did not bind the district court to a particular sentence.[14] But the agreement did incorporate the terms the district court had previously outlined as acceptable. Accordingly, under the terms of the second plea agreement, Mr. Schneider would again plead guilty to the unamended charge.[15] The Government would recommend a sentence at the low end of the guideline range agreed to in the plea agreement[16]—the same guideline range calculated and articulated by the

---

[12] App. 26-27; R. Doc. 34, at 12:23-13:1.

[13] *See generally* App. 29-39; R. Doc. 29.

[14] *See* App. 29-30; R. Doc. 29, at ¶ 5; *see also* App. 33-34; R. Doc. 29, at ¶ 17.

[15] App. 30; R. Doc. 29, at ¶ 6.

[16] App. 34; R. Doc. 29, at ¶ 18(a).

Appellate Case: 22-1112   Page: 10   Date Filed: 02/22/2022 Entry ID: 5129408

district court during the initial change of plea hearing.[17]  On October 20, 2021, the district court accepted the second plea agreement.[18]

Following the change of plea, United States Probation and Pretrial Services completed a pre-sentence report.[19]  The pre-sentence report calculated an offense level higher than what the parties had agreed to in the second plea agreement.[20]  In his written response, Mr. Schneider objected to the pre-sentence report's guideline calculation, requesting that the district court use of the guideline calculation agreed to by the parties—the same guideline calculation the district court had previously outlined as acceptable.[21]

The parties appeared for a sentencing hearing on January 10, 2022.[22]  Consistent with the second plea agreement, the Government

---

[17] *Compare* App. 33; R. Doc. 29, at ¶¶ 13-16, *with* App. 18; R. Doc. 34, at 4:12-18, *and* App. 26-27; R. Doc. 34, at 12:23-13:1.

[18] *See generally* App. 40-60; R. Doc. 54.

[19] *See generally* App. 61-81; R. Doc. 38.

[20] Compare App. 65-67, 73; R. Doc. 38, at ¶¶ 16-28, 58, *with* App. 33; R. Doc. 29, at ¶¶ 13-16.

[21] *See* App. 83-84; R. Doc. 40, at 2-3.

[22] *See generally* App. 93-148; R. Doc. 48.

Appellate Case: 22-1112   Page: 11   Date Filed: 02/22/2022 Entry ID: 5129408

recommended a sentence of imprisonment at the low end of the guideline range agreed to by the parties.[23]  Consistent with the second plea agreement, Mr. Schneider recommended a sentence below the guideline range agreed to by the parties.[24]  The district court rejected both recommendations, sentencing Mr. Schneider to life in prison without the possibility of parole—the guideline sentence calculated in the pre-sentence report.[25] Mr. Schneider timely appealed.[26]

## SUMMARY OF THE ARGUMENT

Rule 11(c)(1) of the Federal Rules of Criminal Procedure prohibits the district court from participating in plea negotiations.  When a judge states what terms he or she would be willing to accept in a hypothetical plea agreement, the district court improperly involves itself in plea negotiations.  Here, after it rejected the parties' initial plea agreement, the district court advised it would accept a plea agreement calling for Mr. Schneider to be sentenced "within the guideline range[]" and outlined an

---

[23]  *See* App. 128-130; R. Doc. 48, at 36:21-38:12.

[24]  *See* App. 130-134; R. Doc. 48, at 38:25-42:4.

[25]  *See* App. 150; R. Doc. 45, at 2; App. 65-67, 73; R. Doc. 38, at ¶¶ 16-28, 58.

[26]  *See* App. 161; R. Doc. 49.

Appellate Case: 22-1112    Page: 12    Date Filed: 02/22/2022 Entry ID: 5129408

acceptable guideline range. This prospective advice on a hypothetical plea agreement constituted a plain violation of Rule 11(c)(1). Because there is a reasonable probability he would not have pleaded guilty but for the district court's plain error, the error affected Mr. Schneider's substantial rights, requiring vacatur of his sentence, his plea, and the plea agreement.

## ARGUMENT

**The district court's prospective advice on the plea terms it would be willing to accept in a future plea agreement constituted impermissible judicial participation in plea negotiations, requiring vacatur of Mr. Schneider's sentence, plea, and plea agreement.**

The district court violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure by participating in plea discussions. Because Mr. Schneider did not object to the Rule 11(c)(1) violation before the district court, this Court reviews the violation under plain error review.[27] To succeed on plain error review, Mr. Schneider must show an error, that was plain, and a "reasonable probability that but for the error, he would

---

[27] *See United States v. Foy*, 617 F.3d 1029, 1034 (8th Cir. 2010) ("Instances of noncompliance with Rule 11 may be raised for the first time on [direct] appeal, but our review is for plain error.").

Appellate Case: 22-1112   Page: 13   Date Filed: 02/22/2022 Entry ID: 5129408

not have entered a guilty plea."[28]  The record satisfies Mr. Schneider's

burden.

**A.  The district court committed a plain violation of Rule 11(c)(1) when it participated in plea discussions by prospectively advising what terms would be acceptable in a hypothetical agreement.**

Under Rule 11 of the Federal Rules of Criminal Procedure, "[a]n

attorney for the government and the defendant's attorney . . . may discuss

and reach a plea agreement."[29]  But "[t]he court must not participate in

these discussions."[30]  This prohibition is a "strictly construed . . . rule to

require an absolute prohibition upon district court participation in plea

negotiations, either with counsel or in the presence of the defendant."[31]

In this case, the district court failed to heed this strict prohibition when

it participated in the parties' plea negotiations by outlining the terms and

conditions it would willing to accept in a future plea agreement.

---

[28] *Id.* (quotation omitted).

[29] Fed. R. Crim. P. 11(c)(1).

[30] *Id.*

[31] *United States v. Nesgoda*, 559 F.3d 867, 869 (8th Cir. 2009) (citing *United State v. Washington*, 109 F.3d 459, 463 (8th Cir. 1997)).

- 9 -

"When a court goes beyond providing reasons for rejecting [a plea] agreement presented and comments on the hypothetical agreements it would or would not accept, it crosses over the line established by Rule 11 and becomes involved in the negotiations."[32] While this Court has not addressed a district court's violation of Rule 11 in commenting on hypothetical agreements it would or would not accept, the decisions in *United States v. Kyle*,[33] and *United States v. Kraus*,[34] addressed the issue. This Court identified *Kyle* and *Kraus* as persuasive authority in *United States v. Thompson*.[35] *Kyle* and *Kraus* establish that the district court violated the prohibition against district court participation in plea discussions.

In *Kyle*, the defendant and the Government entered into a plea agreement calling for imposition of the mandatory minimum sentence.[36]

---

[32] *United States v. Crowell*, 60 F.3d 199, 203 (5th Cir. 1995) (citing *United States v. Miles*, 10 F.3d 1135, 1139-40 (5th Cir. 1993)).

[33] 734 F.3d 956 (9th Cir. 2013).

[34] 137 F.3d 447 (7th Cir. 1998).

[35] 770 F.3d 689, 695 (8th Cir. 2014) (citing *Kyle*, 734 F.3d at 964-65; *Kraus*, 137 F.3d at 455-57).

[36] 734 F.3d at 960.

Appellate Case: 22-1112     Page: 15     Date Filed: 02/22/2022 Entry ID: 5129408

The district court rejected the plea agreement, explaining it was "too lenient," expressing the case warranted a sentence above the guidelines.[37] The district court then "warned the parties that they should either prepare for trial or reach a plea agreement."[38] Counsel for the defendant then questioned the district court on possible future plea terms, and the court advised it would entertain a sentence of less than life imprisonment in a future plea agreement.[39] The parties then negotiated a second plea agreement that would impose an above-guideline sentence of less than life imprisonment.[40] The district court accepted the second plea agreement and sentenced the defendant accordingly.[41] The defendant appealed.

On appeal, the Ninth Circuit held the district court committed a plain violation of Rule 11(c)(1),[42] the violation occurring when it indicated

---

[37] *Id.*

[38] *Id.*

[39] *Id.* at 960-61.

[40] *Id.* at 961.

[41] *Id.*

[42] *Id.* at 966.

- 11 -

"what it might find acceptable or unacceptable in resolving the case."[43]
The court explained the purpose of Rule 11(c)(1) is "to eliminate all
judicial pressure from plea discussions."[44]  Contrary to Rule 11(c)(1),
"judicial remarks directed to future or ongoing plea negotiations 'which
suggest what will satisfy the court transform the court from an impartial
arbiter to a participant in the plea negotiations.'"[45]  Accordingly, by
prospectively outlining the sentence that would be acceptable, the district
court abandoned its role as impartial arbiter, and became a participant
in the plea negotiations in violation of Rule 11(c)(1).[46]

Similarly, in *Kraus*, the parties entered into a plea agreement.[47]
The district court rejected the agreement, indicating the proposed
sentence was too light.[48]  The prosecutor then questioned the district

---

[43]  *Id.* at 964 (footnote omitted).

[44]  *Id.* at 963.

[45]  *Id.* at 965-66 (citation omitted).

[46]  *Id.*

[47]  137 F.3d at 449.

[48]  *Id.* at 449-50.

Appellate Case: 22-1112    Page: 17    Date Filed: 02/22/2022   Entry ID: 5129408

court as to plea terms it would accept in a future plea agreement.[49]  After the hearing, the prosecutor contacted the district court's clerk regarding the proposed terms of a revised plea agreement.[50]  While the judge was not a party to the call, and lacked contemporaneous knowledge of it, "[t]he clerk remarked that the higher number appeared to have 'credence,' although she added that there was no guarantee as to what the court would do."[51]  When the prosecutor relayed the plea terms and the clerk's comments to the defense, the defendant filed a pro se motion for the judge to recuse herself for violating Rule 11(c)(1).[52]  When the district court denied the motion, *id.*, the defendant signed a revised plea agreement.[53]  The district court accepted the revised plea agreement and sentenced the defendant accordingly.[54]  The defendant appealed.

---

[49]  *Id.* at 450.

[50]  *Id.* at 450-51.

[51]  *Id.* at 451 (citation omitted).

[52]  *Id.*

[53]  *Id.* at 451-52.

[54]  *Id.* at 452.

Appellate Case: 22-1112     Page: 18     Date Filed: 02/22/2022 Entry ID: 5129408

On appeal, the Seventh Circuit held that while the district court's initial comments that it would not accept the initial plea agreement as too lenient were permissible, the district court improperly participated in plea negotiations by suggesting what terms would be satisfactory in a future agreement.[55] The court reasoned that when "a plea agreement is properly before the court, then, the court may and, under our precedent, must explain why it finds the agreement objectionable."[56] And that so long as "remarks are confined to the agreement before it, the court does not become a participant in the plea negotiations in violation of Rule 11."[57] "But the court's authority to comment is confined to an agreement that the parties have themselves finalized and that has been properly put before the court for approval pursuant to the rule."[58] In other words, "[o]nce the court has rejected that agreement, its license to speak about what it finds acceptable and unacceptable—<u>to suggest an appropriate</u>

---

[55] *Id.* at 455-57.

[56] *Id.* at 453.

[57] *Id.* (citation omitted).

[58] *Id.* at 453-54 (citation omitted).

sentence range, for example—is at an end."[59]  The district court acted beyond its license when it suggested what terms would be satisfactory in a future plea agreement.[60]

Like the lower courts in *Kyle* and *Kraus*, in this case, the district court improperly participated in plea negotiations by affirmatively commenting on terms it would accept in a future plea agreement.  The district court permissibly rejected the parties' initial plea agreement as too lenient.[61]  But "[o]nce the court ha[d] rejected that agreement, its license to speak about what it [found] acceptable and unacceptable—to suggest an appropriate sentence range, for example—[wa]s at an end."[62]

Despite the termination of its license under Rule 11(c)(1), the district court continued to speak, prospectively suggesting terms and sentencing ranges acceptable to it.[63]  In doing so, the district court

---

[59]  *Id.* at 454 (citation omitted) (emphasis added).

[60]  *Id.* at 455-57.

[61]  *Compare* App. 23-24; R. Doc. 34, at 9:1-10:2, *with Kraus*, 137 F.3d at 454 (Rejecting a plea agreement as too lenient "is exactly the kind of 'active evaluation' of the plea agreement that Rule 11 and the cases interpreting it envision." (citation omitted)).

[62]  *Kraus*, 137 F.3d at 454 (citation omitted).

[63]  *See* App. 24; R. Doc. 34, at 10:3-7; App. 26; R. Doc. 34, at 12:23-13:1.

- 15 -

committed a "core" violation of Rule 11(c)(1),[64] participating in negotiations by suggesting to the parties the terms it would be willing to accept in a future plea agreement.[65] This error was plain.[66]

### B. The district court's plain violation of Rule 11(c)(1) affected Mr. Schneider's substantial rights in that there is a reasonable probability he would not have pleaded guilty but for the district court's participation in plea discussions.

Because the district court committed plain error, this Court must determine whether the error affected Mr. Schneider's substantial rights.[67] To show the district court's violation of Rule 11(c)(1) affected his substantial rights, Mr. Schneider must demonstrate a "reasonable probability that but for the error, he would not have entered a guilty plea."[68] But—

> it will be rare that a clear violation of Rule 11's prohibition against judicial involvement in plea negotiations does not affect substantial rights. Similarly, given the critical interests served by the prohibition—preserving 'the judge's

---

[64] *See Kraus*, 137 F.3d at 458 ("Judicial participation in plea negotiations implicates one of the core concerns of Rule 11[.]").

[65] *See Kyle*, 734 F.3d at 966; *Kraus*, 137 F.3d at 456-57.

[66] *See Kyle*, 734 F.3d at 966; *cf. also Kraus*, 137 F.3d at 457-58 (holding error was not harmless).

[67] *See United States v. Todd*, 521 F.3d 891, 896 (8th Cir. 2008).

[68] *Id.* (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)).

Appellate Case: 22-1112    Page: 21    Date Filed: 02/22/2022 Entry ID: 5129408

impartiality' throughout the proceedings and preventing the public from gaining the "misleading impression" that a judge is anything less than a "neutral arbiter"—failure to notice this sort of clear Rule 11 error would almost inevitably affect the fairness and integrity of judicial proceedings.[69]

This is not such a rare instance—the district court's violation of Rule 11(c)(1) affected Mr. Schneider's substantial rights.

In *Kyle*, the Ninth Circuit considered whether the district court's violation of Rule 11(c)(1) violated the defendant's substantial rights.[70] The court found the record proved more than a "reasonable probability" the defendant would not have pleaded guilty but for the district court's participation in plea negotiations.[71] The court reached this conclusion because "satisfying the district judge's concerns was foremost in the minds of both parties[]" in entering into the second plea agreement.[72] The record exhibited a desire to satisfy the district judge's expressed concerns because—

The second plea agreement is substantially the same as the first plea agreement, with the critical exception of increasing

[69] *United States v. Bradley*, 455 F.3d 453, 463 (4th Cir. 2006) (citations omitted).

[70] *See* 734 F.3d at 966.

[71] *Id.*

[72] *Id.*

Appellate Case: 22-1112    Page: 22    Date Filed: 02/22/2022 Entry ID: 5129408

the agreed sentence from 360 months to 405 to 450 months. Absent the District Court's remarks, it is unlikely Kyle would have so quickly agreed to a significant extension of his custodial sentence in exchange for no additional benefit.[73]

Similarly, in *Kraus*, the Seventh Circuit considered whether the district court's violation of Rule 11(c)(1) violated the defendant's substantial rights.[74] The court held the district court's judicial remarks affected the defendant's substantial rights.[75] The court found reasoned:

> [o]nce a court has involved itself in plea discussions—and particularly where it has voiced some opinion as to the parameters of a prospective plea agreement not yet finalized by the parties and submitted for approval—any hint that the court has given as to what it might approve or not approve will inevitably affect the parties' own efforts to craft an agreement acceptable to them.[76]

Because of this "inevitable affect," there existed "no way of knowing what cap the parties might have agreed to in the absence of the" violation of Rule 11(c)(1).[77]

---

[73] *Id.*

[74] 137 F.3d at 457-58.

[75] *Id.* at 457.

[76] *Id.*

[77] *Id.*; *see also id.* ("It is clear, however, that the clerk's remark helped to convince Kraus to accept a sentence more than a year longer than he and his counsel were intending to propose.").

- 18 -

In this case, the district court's violation of Rule 11(c)(1) affected Mr. Schneider's substantial rights. Like the defendant in *Kyle*, the terms of the parties' second plea agreement show the primary concern was to construct a new plea agreement incorporating the terms the district court advised it would accept. Indeed, the second plea agreement used the precise sentencing guidelines the district court advised were acceptable.[78] The Government also agreed to recommend a sentence within that guideline range—the sentence the district court specifically indicated it would be willing to impose.[79] But for the district court's comments, there was no logical reason for Mr. Schneider to enter into a plea agreement calling for a significant extension in his custodial sentence in exchange for no additional benefit.[80]

---

[78] *Compare* App. 33; R. Doc. 29, at ¶¶ 13-16, *with* App. 26-27; R. Doc. 34, at 12:23-13:1 ("And as I indicated, I'll sentence him within the guidelines under a 37—so we're looking at 201 to 262 months—but he's not going to get 15 years. He's going to get more than that.").

[79] *Compare* App. 34; R. Doc. 29, at ¶ 18(a), *with* App. 26-27; R. Doc. 34, at 12:23-13:1.

[80] *Cf. Kyle*, 734 F.3d at 966 ("Absent the District Court's remarks, it is unlikely Kyle would have so quickly agreed to a significant extension of his custodial sentence in exchange for no additional benefit."); *cf. also Kraus*, 137 F.3d at 457 ("It is clear, however, that the clerk's remark

Mr. Schneider's sentencing further confirms the district court's impermissible comments were the impetus for him entering second plea agreement. In objecting to the pre-sentence report, Mr. Schneider implored the district court to accept the terms of the plea agreement— the same terms the district court had indicated were acceptable.[81] Then, at the sentencing hearing, counsel for Mr. Schneider again beseeched the district court to impose a sentence consistent with the terms outlined by the district court as acceptable to it during the initial change of plea hearing.[82] In other words, the record before this Court clearly shows at

helped to convince Kraus to accept a sentence more than a year longer than he and his counsel were intending to propose.").

[81] *See* App. 83; R. Doc. 40, at 2 ("The Plea Agreement represents a good faith agreement as to what the Government could prove by a preponderance of the evidence. Accordingly, Mr. Schneider requests that this Court respect the agreed to enhancements between Mr. Schneider and the Government, and not apply the enhancements for undue influence and pattern of prohibited conduct."); *see also* App. 84; R. Doc. 40, at 3 ("Mr. Schneider further requests the Court impose [a] sentence consistent with the parties' plea agreement, for a duration not to exceed 210 months.").

[82] *Compare* App. 131; R. Doc. 48, at 39:1-19, *and* App. 133-134; R. Doc. 48, at 41:20-42:3, *with* App. 26-27; R. Doc. 34, at 12:23-13:1 ("And as I indicated, I'll sentence him within the guidelines under a 37—so we're looking at 210 to 262 months—but he's not going to get 15 years. He's going to get more than that.").

Appellate Case: 22-1112    Page: 25    Date Filed: 02/22/2022 Entry ID: 5129408

least a reasonable probability that but for the district court's violation of Rule 11(c)(1), Mr. Schneider would not have pleaded guilty. Accordingly, the district court's error affected Mr. Schneider's substantial rights.[83]

## CONCLUSION

The commentaries surrounding the prohibition against judicial participation in plea discussions—

> leave no room for doubt that its purpose and meaning are that the sentencing judge should take no part whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to him of a plea agreement.[84]

Despite Rule 11(c)(1) leaving "no room," the district court injected itself into the parties' plea discussions by advising what terms it would be willing to accept in a future plea agreement, before any such agreement was before the court. This violation affected Mr. Schneider's substantial rights because the parties' later conduct clearly shows all subsequent plea negotiations aimed to satisfy the district court's pronounced requirements for a future plea agreement.

---

[83] *See Kyle*, 734 F.3d at 966; *Kraus*, 137 F.3d at 457-58.

[84] *United States v. Werker*, 535 F.2d 198, 201 (2d Cir. 1976) (citations omitted).

- 21 -

When a violation of Rule 11(c)(1) affects a defendant's substantial rights, "vacating a plea and sentence that may have been affected by such participation best serves the prophylactic purpose of the rule[.]"[85] Vacatur affords a defendant "the opportunity to negotiate a plea free from any actual or apparent intervention by the court."[86] Accordingly, to ensure a defendant remains free from actual or apparent intervention by the district court, when a case is remanded for violation of Rule 11(c)(1), the case should be reassigned.[87] To ensure Mr. Schneider the full protection of Rule 11(c)(1)—because he cannot erase from his own mind the district court's pronouncements regarding what terms it would be willing to accept in a plea agreement—Mr. Schneider requests vacatur of

---

[85] *Kraus*, 137 F.3d at 458 (citation omitted).

[86] *Id.*

[87] *See Kyle*, 734 F.3d at 967 ("[T]he original judge has already expressed his view of the appropriate sentence for Kyle, and explained what plea agreements he would and would not accept. Even on remand, these statements would have an unavoidable impact on a new round of plea negotiations. We will therefore remand this case to a different judge."); *see also Kraus*, 137 F.3d at 458 ("Although we have not doubt whatsoever as to the objectivity of the able and experienced district judge, in the interest of eliminating any lingering appearance of judicial involvement in the plea process, we direct that Circuit Rule 36 apply on remand." (citation omitted)).

his sentence, guilty plea, and plea agreement, and remand with instructions to reassign his case to a new judge.

Dated: February 22, 2022   VOGEL LAW FIRM

By: /s/ Luke T. Heck
      Luke T. Heck (ND #08133)
      Drew J. Hushka (ND #08230)
      Jesse H. Walstad (ND #07375)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Attorneys for Appellant

- 23 -

## Certificate of Compliance and Virus-Free Certification

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 4,295 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(1)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century font.

3.    The electronic versions of this brief and the accompanying addendum have been scanned for viruses and are virus-free.

Dated:  February 22, 2022   VOGEL LAW FIRM

By:  /s/ Luke T. Heck
      Luke T. Heck (ND #08133)
      Drew J. Hushka (ND #08230)
      Jesse H. Walstad (ND #07375)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Attorneys for Appellant

Appellate Case: 22-1112    Page: 29    Date Filed: 02/22/2022 Entry ID: 5129408