No. 22-1112

# United States Court of Appeals for the Eighth Circuit

United States of America,

Appellee,

and

Douglas James Schneider,

Appellant.

APPEAL FROM U.S. DISTRICT COURT FOR THE DISTRICT OF
NORTH DAKOTA – WESTERN (1:19-CR-00124-DMT-1)

### APPELLANT'S ADDENDUM

VOGEL LAW FIRM
Luke T. Heck (ND #08133)
lheck@vogellaw.com
Drew J. Hushka (ND #08230)
dhushka@vogellaw.com
Jesse H. Walstad (ND #07375)
jwalstad@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
Attorneys for Appellant

# ADDENDUM

                                                                                    Page

Judgment ............................................................................... Add. 1

Partial Transcript - 3/2/21 Change of Plea ....................................... Add. 9

Sentencing Memorandum ............................................................ Add. 13

Partial Transcript - 1/10/22 Sentencing ......................................... Add. 16

# UNITED STATES DISTRICT COURT
### District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **Douglas James Schneider** | Case Number: 1:19-cr-124 |
| | USM Number: 17600-059 |
| | **Luke Heck** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **1 of the Indictment**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2423(a) | Transportation of a Minor | July 2018 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 10, 2022
Date of Imposition of Judgment

Signature of Judge

Daniel M. Traynor     U.S. District Judge
Name and Title of Judge

10 Jan 2022
Date

Judgment — Page __2__ of __8__

DEFENDANT: Douglas James Schneider
CASE NUMBER: 1:19-cr-124

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**LIFE**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the defendant be placed at a correctional facility located as close as possible to Montana.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Add. 2

Local AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page __3__ of __8__

DEFENDANT: **Douglas James Schneider**
CASE NUMBER: **1:19-cr-124**

# ADDITIONAL IMPRISONMENT TERMS

The defendant must not communicate, or otherwise interact, with M.J., L.L., Jill Henry, or Jill Henry's family, either directly or through someone else.

The defendant must not have direct contact with any child under the age of 18. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

Local AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: Douglas James Schneider
CASE NUMBER: 1:19-cr-124

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

**10 YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Add. 4

| | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  Douglas James Schneider
CASE NUMBER:  1:19-cr-124

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____    Date _____

Case 1:19-cr-00124-DMT   Document 45   Filed 01/10/22   Page 6 of 8

Local AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __6__ of __8__

DEFENDANT: Douglas James Schneider
CASE NUMBER: 1:19-cr-124

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including M.J., L.L., or any other child, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2. You must not communicate, or otherwise interact, with M.J., L.L., Jill Henry, or Jill Henry's family, either directly or through someone else, without first obtaining the permission of the probation officer.

3. You must participate in a program aimed at addressing specific interpersonal or social areas, for example, domestic violence, anger management, marital counseling, financial counseling, cognitive skills, parenting, at the direction of your supervising probation officer.

4. You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to have direct or indirect contact with minors without the prior approval of the probation officer.

5. You must participate in mental health treatment/counseling as directed by the supervising probation officer.

6. You must not go to, or remain at, any place you know is primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities.

7. You must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

8. You must not access the Internet except for reasons approved in advance by the probation officer.

9. You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media.

10. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision and/or treatment program.

11. As directed by the Court, if during the period of supervised release the supervising probation officer determines you are in need of placement in a Residential Re-Entry Center (RRC), you must voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer.

12. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)) other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

13. You must participate in a sex offense-specific assessment. This participation in a sex offense specific assessment may include visual response testing.

14. You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Judgment — Page **7** of **8**

DEFENDANT: **Douglas James Schneider**
CASE NUMBER: **1:19-cr-124**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 19,615.01 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Jill Henry | | $19,615.01 | |
| **TOTALS** | $ 0.00 | $ 19,615.01 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __8__ of __8__

DEFENDANT: Douglas James Schneider
CASE NUMBER: 1:19-cr-124

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __19,715.01__ due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

  **All criminal monetary payments are to be made to the Clerk's Office, U.S. District Court, PO Box 1193, Bismarck, North Dakota, 58502-1193.**

  **While on supervised release, the defendant shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Add. 8

1        THE COURT: Well, I'm not going to accept this
2   binding plea agreement.
3        Mr. Heck, your client can either have the three
4   points or he can take it to trial. And I will tell you this,
5   I'll sentence him within the guideline range, but he's not
6   going to get a 15-year sentence for this type of conduct,
7   particularly involving somebody in his care.
8        So if there's nothing further, we are off the record.
9        MR. DELORME: Your Honor, before we go off the
10  record --
11       THE COURT: Yeah. Go ahead.
12       MR. DELORME: -- are we setting it for the trial
13  calendar? It has been pulled at this point in time.
14       THE COURT: Yes.
15       MR. DELORME: I don't know when the Court is going to
16  reset it, but I know that even if -- even if we had not come to
17  an agreement and filed a plea agreement in this matter --
18       THE COURT: Right.
19       MR. DELORME: -- my conversation with Mr. Heck was
20  that there would likely be a continuance in this matter anyway
21  because Mr. Heck had some other stuff going on.
22       THE COURT: Okay.
23       MR. DELORME: What is the timeline for which the
24  Court would set this so that Mr. Heck can have some input on
25  this, and his client, before we close the record?

1    THE COURT: Mr. Heck, when do you want this matter
2 set for trial?
3    MR. HECK: Your Honor, I guess, depending on when the
4 next trial calendars would be. I mean, if there's -- if
5 there's dates in -- the only time that I would have an issue
6 with the trial would be June, which is I understand is down the
7 road here, but that would be the only thing where I have a
8 three-week jury trial in Mandan that I wouldn't -- you know,
9 that would take -- that can't get moved at this point. But
10 other than that, I guess whatever the Court puts it on. I
11 would prefer, if possible, not March at this point.
12    THE COURT: No. We're not going to schedule it in
13 March. It's unlikely to be scheduled in April because I've got
14 a two-week civil trial. It's likely to be scheduled in May.
15    What's our trial date in May, Santana?
16    THE LAW CLERK: May 25.
17    THE COURT: May 25, Mr. Heck, is that getting close
18 to your trial?
19    MR. HECK: It is getting a little -- the other trial
20 starts right at the beginning of June where if there was any
21 way -- and I hate to be this guy, Your Honor, I really do --
22 but if there's any way we can get, like, a July trial date just
23 to make sure that there's -- I don't have to go back to the
24 well trying to ask the Court for a continuance because of
25 something that would be --

1          THE COURT:  July 27?

2          MR. HECK:  That would be perfect.

3          THE COURT:  We'll do it that week.  Is that okay with
4    you, Mr. Delorme?

5          MR. DELORME:  Yes, Your Honor.

6          THE COURT:  I'm sorry, gentlemen.  I appreciate your
7    diligence in trying to work out a plea agreement.  I'm just
8    not -- I recognize that this is difficult for the victim.  I
9    don't want to cause the victim any harm, but this individual
10   engaged in significant criminal conduct.  He should not get the
11   benefit of using the re-traumatization of the victim and a
12   three-point reduction; he gets one or the other, but he's not
13   going to get both.

14         MR. DELORME:  I understand, Your Honor, and for the
15   purposes of -- if the parties were to discuss the matter
16   further --

17         THE COURT:  Right.

18         MR. DELORME -- prior to actually, you know, filing a
19   new plea agreement, would the Court prefer if we come up with
20   some alternative type of agreement, sending the Court an email
21   and proposing this is what we're proposing and see what your
22   thought of it is first rather than --

23         THE COURT:  I'm okay with that.  And as I indicated,
24   I'll sentence him within the guidelines under a 37 -- so we're
25   looking at 210 to 262 months -- but he's not going to get

1   15 years.  He's going to get more than that.
2               MR. DELORME:  Thank you, Your Honor.
3               THE COURT:  Thank you, gentlemen.  If there's nothing
4   more, we'll reset the matter for trial as indicated.  And if
5   there's nothing more, we're off the record.
6               MR. HECK:  Thanks, Your Honor.
7               (Proceedings commenced at 11:22 a.m., that same day.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| United States of America, | Case No. 1:19-CR-00124 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Douglas James Schneider, | |
| Defendant. | |

## INTRODUCTION

Defendant, Douglas James Schneider ("Mr. Schneider"), has pleaded guilty to the crime of Transportation of a Minor in violation of 18 U.S.C. § 2423(a). His sentencing is scheduled for January 10, 2022. Mr. Schneider files this Sentencing Memorandum for this Court's consideration.

## GUIDELINE CALCULATION

### I. Criminal History Calculation

The Presentence Investigation Report ("PSIR")[1] calculates Mr. Schneider has incurred two criminal history points, placing him in Criminal History Category II.[2] Mr. Schneider agrees with this calculation, and requests this Court use a Criminal History Category II when determining an appropriate sentence.

---

[1]   *See generally* Doc ID # 38.

[2]   PSIR, at ¶¶ 35-36.

## II.  Offense Level Calculation

The Government and Mr. Schneider entered into a written plea agreement.[3] They agreed to a base offense level of 28, with a two-level enhancement care/custody/control of victim, a two-level enhancement for sex acts performed during commission of crime, and an eight-level enhancement for the victim being under 12 years of age.[4] The PSIR confirms the base offense level,[5] and the agreed-to enhancements.[6]

The PSIR also posits a two-level enhancement for undue influence,[7] and a four-level enhancement for pattern of activity involving prohibited sexual conduct,[8] enhancements not agreed to by Mr. Schneider and the Government.[9] The Plea Agreement represents a good faith agreement as to what the Government could prove by a preponderance of the evidence. Accordingly, Mr. Schneider requests that this Court respect the agreed to enhancements between Mr. Schneider and the Government, and not apply the enhancements for undue influence and pattern of prohibited conduct.

The Government will recommend a downward adjustment of two levels for acceptance of responsibility in accordance with U.S.S.G. § 3E1.1(a), and one level for timely notification

---

[3]  *See generally* Plea Agreement, Doc. #29.

[4]  *Id.* at ¶¶ 13-14.

[5]  PSIR, at ¶ 16.

[6]  *Id.* at ¶¶ 17, 19-20.

[7]  *Id.* at ¶ 18.

[8]  *Id.* at ¶ 25.

[9]  Plea Agreement, ¶ 14.

in accordance with U.S.S.G. § 3E1.1(b).[10]  The PSIR agrees with these adjustments.[11]  Using the guidelines agreed to by Mr. Schneider and the Government, this results in a net offense level of **37**.[12]  Accordingly, Mr. Schneider requests this Court use the offense level of **37** when determining an appropriate sentence.

### CONCLUSION

When determining Mr. Schneider's guideline range, Mr. Schneider respectfully requests this Court use Criminal History Category II, and offense level **37**, for a guideline range of **235-293 months**. Mr. Schneider further requests the Court impose sentence consistent with the parties' plea agreement, for a duration not to exceed 210 months.

Dated this 3rd day of January, 2022

                        **VOGEL LAW FIRM**

                        */s/ Luke T. Heck*
BY:  Luke T. Heck (#08133)
       218 NP Avenue
       PO Box 1389
       Fargo, ND  58107-1389
       701.237.6983
       Email:    lheck@vogellaw.com
       ATTORNEYS FOR Defendant

---

[10]  Plea Agreement, at ¶ 16.

[11]  PSIR, at ¶¶ 26-27.

[12]  *But see id.* at ¶ 28 (calculating an offense level of 43 by providing a two level enhancement for undue influence, and a five level enhancement for pattern of conduct).

1            Real briefly, you know, there's two different
2    competing arguments here today.  One is the guideline range,
3    based on what it came back at, as Mr. Delorme indicated, wasn't
4    contemplated at the time that it would end up at life.  I think
5    that just -- I'm not trying to throw any quotes back from the
6    Court either from the first plea hearing, but I don't think any
7    party involved at that time anticipated that guideline range;
8    and the Court at paragraph 12 of the initial plea hearing noted
9    that, and I think Mr. Schneider was in part relying on that
10   he'd be sentenced under a 37 looking at the 210 to 262 months.
11   And at the time that the Court dismissed or denied the initial
12   plea agreement, which understandably so, for the reasons it is.
13   It's not meant to be a criticism, it's just noting that that's
14   one part -- piece of this puzzle.  And in light of that, we
15   would request that the Court proceed with a range consistent
16   with the Plea Agreement and consistent with the Sentencing
17   Guideline range discussed at the end of the initial plea
18   hearing with a 210 to 262 months understanding what the
19   guidelines came back at.
20           With that being said, it's a terrible situation, Your
21   Honor, and I don't think anyone here is trying to sugar coat
22   it.  I mean, it's terrible what happened to M.J. and the
23   ongoing issues that she's had to deal with are certainly not
24   lost on me nor do I think that they are lost on Mr. Schneider
25   in my conversations with him after the fact.