No. 22-1112

_____

# United States Court of Appeals for the Eighth Circuit

_____

United States of America,

Appellee,

and

Douglas James Schneider,

Appellant.

_____

APPEAL FROM U.S. DISTRICT COURT FOR THE DISTRICT OF
NORTH DAKOTA – WESTERN (1:19-CR-00124-DMT-1)

_____

## REPLY BRIEF OF APPELLANT

_____

VOGEL LAW FIRM
Luke T. Heck (ND #08133)
lheck@vogellaw.com
Drew J. Hushka (ND #08230)
dhushka@vogellaw.com
Jesse H. Walstad (ND #07375)
jwalstad@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Attorneys for Appellant

# TABLE OF CONTENTS

Page

Table of Contents ................................................................. ii

Table of Authorities ............................................................. iii

Introduction ........................................................................ 1

Argument ............................................................................ 2

I.  Mr. Schneider's appeal wavier does not foreclose his appeal because the district court's violation of Rule 11(c)(1) affects the voluntariness of the agreement itself. ............... 2

II. The district court's violation of Rule 11(c)(1) of the Federal Rule of Criminal Procedure requires vacatur of Mr. Schneider's sentence, plea, and plea agreement. ............................ 5

   A.  The district court plainly violated Rule 11(c)(1) by prospectively advising what terms it would accept in a future plea agreement. ....................................... 5

   B.  The district court violation affected Mr. Schneider's substantial rights. ....................................... 9

   C.  The district court's plain violation of Mr. Schneider's substantial rights affects the fairness, integrity, and public reputation of judicial proceedings. .......................................... 13

Conclusion .......................................................................... 15

Appellate Case: 22-1112    Page: 2    Date Filed: 03/23/2022 Entry ID: 5139729

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*United States v. Andis,*
333 F.3d 886 (8th Cir. 2003) ............................................................2-3

*United States v. Bradley,*
455 F.3d 453 (4th Cir. 2006) ....................................................14-15, 16

*United States v. Crowell,*
60 F.3d 199 (5th Cir. 1995) ....................................................................8

*United States v. Haubrich,*
744 F.3d 554 (8th Cir. 2014) ..................................................................3

*United States v. Kraus,*
137 F.3d 447 (7th Cir. 1998) ......................................................9-10, 13

*United States v. Kyle,*
734 F.3d 956 (9th Cir. 2013) ..........................................................10, 13

*United States v. Miles,*
10 F.3d 1135 (5th Cir. 1993) ............................................................8, 16

*United States v. Nesgoda,*
559 F.3d 867 (8th Cir. 2009) ....................................................... 5-7, 8-9

*United States v. Pagan-Ortega,*
372 F.3d 22 (1st Cir. 2004)..............................................................13-14

*United States v. Thompson,*
770 F.3d 689 (8th Cir. 2014) ............................................ 3-4, 11, 12-13

*United States v. Todd,*
521 F.3d 891 (8th Cir. 1997) ..................................................................9

*United States v. Washington,*
109 F.3d 459 (8th Cir. 1997) .........................................................5, 8-9

Appellate Case: 22-1112    Page: 3    Date Filed: 03/23/2022 Entry ID: 5139729

# TABLE OF AUTHORITIES

Page

*United States v. Werker*,
  535 F.2d 198 (2d Cir. 1976)..............................................15-16

<u>Rules</u>

Fed. R. Crim. P. 11 ........................................................ *passim*

Appellate Case: 22-1112    Page: 4    Date Filed: 03/23/2022 Entry ID: 5139729

# INTRODUCTION

Except for its transparent attempt to engender this Court's disdain for Mr. Schneider by needlessly recounting the facts underlying his admitted crimes[1]—facts not disputed or relevant to the issues before this Court—the Government largely adopts the facts and issues as outlined by Mr. Schneider. The parties agree the district court permissibly rejected the initial binding plea agreement negotiated by the parties, and the parties agree the district court permissibly provided its reasoning for rejecting the initial agreement.[2] The parties also agree the district court did not stop at rejecting the agreement, and instead advised the parties of the terms it would be willing to accept in a future plea agreement.[3] The parties agree they then negotiated a plea agreement incorporating the terms set forth by the district court.[4]

Mr. Schneider argues the district court participated in plea discussions—in violation of Rule 11(c)(1) of the Federal Rules of Criminal

---

[1]  *See* Appellee's Br., at 3-4.

[2]  *Compare* Appellant's Br., at 3-4, *with* Appellee's Br., at 4-5.

[3]  *Compare* Appellant's Br., at 4-5, *with* Appellee's Br., at 5-6.

[4]  *Compare* Appellant's Br., at 5-6, *with* Appellee's Br., at 6.

- 1 -

Procedure—by advising what terms it would be willing to accept in a future plea agreement, a plain error affecting his substantial rights. In response, the Government argues: (1) Mr. Schneider waived his ability to appeal the district court's participation in plea discussions; (2) the district court did not participate in plea discussions; (3) any district court participation did not affect Mr. Schneider's substantial rights; and (4) any violation of Mr. Schneider's substantial rights did not affect the fairness, integrity, or public reputation of judicial proceedings. The Government's arguments are not supported by the law, and conflict with precedent from this Court and the other federal Circuits. This Court should apply the settled law, find the district court violated the law, vacate Mr. Schneider's sentence, guilty plea, and plea agreement, and remand with instructions to reassign his case to a new judge.

## ARGUMENT

### I. Mr. Schneider's appeal wavier does not foreclose his appeal because the district court's violation of Rule 11(c)(1) affects the voluntariness of the agreement itself.

The Government argues the appeal waiver in Mr. Schneider's plea agreement waived this appeal.[5] Before this Court can apply an appeal

---

[5] *See* Appellee's Br., at 31-34.

Appellate Case: 22-1112    Page: 6    Date Filed: 03/23/2022 Entry ID: 5139729

waiver, it "must confirm that the appeal falls within the scope of the waiver and both the waiver and plea agreement were entered into knowingly and voluntarily."[6] This Court reviews de novo whether a defendant waived the right to appeal a sentence.[7]

The Government argues this Court cannot review the district court's plain violation of Rule 11 because the plea agreement, tainted by the district court's participation in plea discussions, waived Mr. Schneider's ability to appeal.[8] The Government recycles the argument this Court rejected in *United States v. Thompson*.[9] In *Thompson*, the defendant entered into a plea agreement "waiv[ing] his right to appeal, except for a claim of ineffective assistance of counsel or a sentence above the court-determined sentencing guideline range."[10] When the defendant appealed the sentence, arguing the district court improperly participated in plea discussions, the Government responded that the appeal waiver

---

[6]  *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

[7]  *See United Sates v. Haubrich*, 744 F.3d 554, 556 (8th Cir. 2014).

[8]  *See* Appellee's Br., at 31-34.

[9]  770 F.3d 689 (8th Cir. 2014).

[10]  *Id.* at 691.

Appellate Case: 22-1112   Page: 7   Date Filed: 03/23/2022 Entry ID: 5139729

foreclosed the challenge.[11] This Court held the waiver did not foreclose the defendant's Rule 11 challenge because a violation of Rule 11 affects the voluntariness of a plea agreement.[12]

*Thompson* controls this case. The Government repeatedly cites *Thompson* in its principal brief,[13] but inexplicably fails to identify or differentiate *Thompson's* holding with respect to appeal waivers on Rule 11(c)(1) challenges.[14] It cannot. Mr. Schneider's appeal waiver did not waive an appeal challenging the voluntariness of his plea.[15] "Because [Mr. Schneider] did not waive an appeal challenging the voluntariness of his plea, [this Court] must address his arguments."[16]

---

[11] *Id.* at 694.

[12] *Id.* ("Because Thompson did not waive an appeal challenging the voluntariness of his plea, we address his arguments." (citation omitted)).

[13] *See, e.g.*, Appellee's Br., at 12, 23, 24.

[14] *See id.* at 31-34.

[15] *See* App. 35-36, ¶ 22, R. Doc. 29, at ¶ 22.

[16] *Thompson*, 770 F.3d at 694 (citation omitted).

Appellate Case: 22-1112    Page: 8    Date Filed: 03/23/2022 Entry ID: 5139729

II. **The district court's violation of Rule 11(c)(1) of the Federal Rule of Criminal Procedure requires vacatur of Mr. Schneider's sentence, plea, and plea agreement.**

   A. **The district court plainly violated Rule 11(c)(1) by prospectively advising what terms it would accept in a future plea agreement.**

The parties agree the prohibitions provided by Rule 11(c)(1) of the Federal Rules of Criminal Procedure are central to Mr. Schneider's appeal.[17]   Under Rule 11, "[a]n attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement[,]"[18] but "[t]he court must not participate in these discussions."[19]  This prohibition is a "strictly construed . . . rule to require an absolute prohibition upon district court participation in plea negotiations, either with counsel or in the presence of the defendant."[20]

Relying on *United States v. Nesgoda*, the Government argues the district court did not participate in plea discussions in this case.[21]   In

---

[17]  *Compare* Appellant's Br., at 9, *with* Appellee's Br., at 13.

[18]  Fed. R. Crim. P. 11(c)(1).

[19]  *Id.*

[20]  *United States v. Nesgoda*, 559 F.3d 867, 869 (8th Cir. 2009) (citing *United State v. Washington*, 109 F.3d 459, 463 (8th Cir. 1997)).

[21]  *See* Appellee's Br., at 15-17.

Appellate Case: 22-1112    Page: 9    Date Filed: 03/23/2022 Entry ID: 5139729

*Nesgoda*, the defendant and the Government independently negotiated the terms of a plea agreement.[22]  The defendant had yet to accept the terms of the negotiated agreement.[23]  While the agreement was pending between the parties, the district court explained the terms of the plea agreement to the defendant.[24]  After the explanation, the defendant accepted the plea agreement.[25]  The defendant challenged his sentence by arguing the district court improperly participated in plea discussion.[26] This Court rejected the argument, finding the district court did not participate in plea discussion because "[t]he district court did not inject his own terms into the plea agreement, he merely explained the effect of the terms already on the table."[27]

    *Nesgoda* is factually inapposite.  The crux of the *Nesgoda* holding is a district court does not violate Rule 11 by explaining to a defendant

---

[22]  559 F.2d at 868.

[23]  *Id.*

[24]  *Id.*

[25]  *Id.*

[26]  *Id.* at 869.

[27]  *Id.*

Appellate Case: 22-1112    Page: 10    Date Filed: 03/23/2022 Entry ID: 5139729

the terms of plea agreement already "on the table."[28] But no plea agreement was "on the table" at the time of the district court's commentary in this case—the district court had already rejected the negotiated plea agreement.[29] In stark contrast to *Nesgoda*, the district court in this case advised what terms it would be willing to accept in a future agreement.[30] *Nesgoda* does not control this case.

Nevertheless, the Government argues the district court did not violate Rule 11 because it merely advised it would impose a guideline sentence.[31] The Government's argument mischaracterizes the record. The district court did not merely indicate it would impose a guideline sentence; the district court advised "I'll sentence him within the guidelines under a 37—so we're looking at 210 to 262 months—but he's not going to get 15 years. He's going to get more than that."[32] The district

---

[28] *Id.*

[29] *See* App. 23-24; R. Doc. 34, at 9:1-10:2.

[30] *See* App. 24; R. Doc. 34, at 10:3-7; App. 26; R. Doc. 34, at 12:23-13:1.

[31] *See* Appellee's Br., at 22 ("In this case, the district court merely indicated that it would impose a within the guidelines range sentence.").

[32] App. 26-27; R. Doc. 34, at 12:23-13:1.

Appellate Case: 22-1112    Page: 11    Date Filed: 03/23/2022 Entry ID: 5139729

court affirmatively advised it would impose a guideline sentence <u>within a particular guideline range</u>.

And even if the district court had only indicated it would be willing to impose a guideline sentence, that indication would—itself—violate Rule 11. "When a court goes beyond providing reasons for rejecting [a plea] agreement presented and comments on the hypothetical agreements it would or would not accept, it crosses over the line established by Rule 11 and becomes involved in the negotiations."[33] Indicating it would be willing to impose a guideline sentence "goes beyond providing reasons for rejecting [a plea] agreement presented and comments on the hypothetical agreements it would or would not accept[.]"[34] In other words, even indicating it would be willing to impose a guideline sentence plainly violates Rule 11(c)(1).

As established by this Court, the prohibition imposed by Rule 11(c)(1) is a "strictly construed . . . absolute prohibition upon district court['s] participation in plea negotiations, either with counsel or in the

---

[33] *United States v. Crowell*, 60 F.3d 199, 203 (5th Cir. 1995) (citing *United States v. Miles*, 10 F.3d 1135, 1139-40 (5th Cir. 1993)).

[34] *Id.*

Appellate Case: 22-1112    Page: 12    Date Filed: 03/23/2022 Entry ID: 5139729

presence of the defendant."[35]  The Government offers no justification to dilute the prohibition in this case.  The district court plainly violated Rule 11(c)(1) when it advised of the terms it would be willing to accept in a future plea agreement.

## B.  The district court violation affected Mr. Schneider's substantial rights.

The Government alternatively argues the district court's plain violation did not affect Mr. Schneider's substantial rights because Mr. Schneider testified that he understood he could receive a life sentence.[36] The argument evidences a fundamental misunderstanding of the Rule 11(c)(1) substantial rights test.  A defendant alleging a violation of Rule 11(c)(1) must show there is a reasonably probability that he would not have pleaded guilty but for the error.[37]  Judicial participation in plea discussions almost necessarily affects a defendant's substantial rights because—

> [o]nce a court has involved itself in plea discussions—and particularly where it has voiced some opinion as to the parameters of a prospective plea agreement not yet finalized

---

[35] *Nesgoda*, 559 F.3d at 869 (citing *Washington*, 109 F.3d at 463).

[36] *See* Appellee's Br., at 29-30.

[37] *United States v. Todd*, 521 F.3d 891, 896 (8th Cir. 2008).

- 9 -

by the parties and submitted for approval—any hint that the court has given as to what it might approve or not approve will inevitably affect the parties' own efforts to craft an agreement acceptable to them.[38]

As shown by Mr. Schneider, the district court's involvement in plea discussions did inevitably affect the parties' efforts to craft a plea agreement in this case. The second plea agreement between the parties incorporated the precise sentencing guidelines the district court advised were acceptable.[39] The Government also agreed to recommend a sentence within that guideline range—the sentence the district court specifically indicated it would be willing to impose.[40] But for the district court's comments, there was no logical reason for Mr. Schneider to enter into a plea agreement calling for a significant extension in his custodial sentence in exchange for no additional benefit.[41]

---

[38] *United States v. Kraus*, 137 F.3d 447, 457 (7th Cir. 1998).

[39] *Compare* App. 33; R. Doc. 29, at ¶¶ 13-16, *with* App. 26-27; R. Doc. 34, at 12:23-13:1 ("And as I indicated, I'll sentence him within the guidelines under a 37—so we're looking at 201 to 262 months—but he's not going to get 15 years. He's going to get more than that.").

[40] *Compare* App. 34; R. Doc. 29, at ¶ 18(a), *with* App. 26-27; R. Doc. 34, at 12:23-13:1.

[41] *Cf. United States v. Kyle*, 734 F.3d 956, 966 (9th Cir. 2013) ("Absent the District Court's remarks, it is unlikely Kyle would have so quickly agreed to a significant extension of his custodial sentence in exchange for

Appellate Case: 22-1112     Page: 14     Date Filed: 03/23/2022 Entry ID: 5139729

In *Thompson*, this Court assumed without deciding the district court's comments amounted to participating in plea discussions, and considered whether the potential participation affected the defendant's substantial rights.[42] This Court looked at the entire record, concluding the potential participation did not affect the defendant's substantial rights because the record contained no evidence the district court's comments affected the defendant's decision to enter his guilty plea.[43]

Here, however, the record contains such evidence. Primarily, the parties negotiated a plea agreement specifically incorporating the terms outlined by the district court. Additionally, Mr. Schneider objected to the pre-sentence report, requesting a sentence within the guideline range the district court said it was willing to impose at the conclusion of the initial

---

no additional benefit."); *cf. also Kraus*, 137 F.3d at 457 ("It is clear, however, that the clerk's remark helped to convince Kraus to accept a sentence more than a year longer than he and his counsel were intending to propose.").

[42] 770 F.3d at 696-98.

[43] *See id.* at 698 ("If Thompson had taken any action to show that, but for the Rule 11 errors, there is a reasonable probability he would not have entered a guilty plea, we might come to a different result than we do. However, even during the sentencing hearing, Thompson failed to give any indication that the district court had lead [sic] him to expect a particular sentence in exchange for pleading guilty.").

Appellate Case: 22-1112     Page: 15     Date Filed: 03/23/2022 Entry ID: 5139729

change of plea hearing.[44]  Then, at the sentencing hearing, counsel for Mr. Schneider again beseeched the district court to impose a sentence consistent with the terms outlined by the district court as acceptable to it during the initial change of plea hearing.[45]  The record before this Court clearly shows at least a reasonable probability that but for the district court's violation of Rule 11(c)(1), Mr. Schneider would not have pleaded

---

[44] *See* App. 83; R. Doc. 40, at 2 ("The Plea Agreement represents a good faith agreement as to what the Government could prove by a preponderance of the evidence.  Accordingly, Mr. Schneider requests that this Court respect the agreed to enhancements between Mr. Schneider and the Government, and not apply the enhancements for undue influence and pattern of prohibited conduct."); *see also* App. 84; R. Doc. 40, at 3 ("Mr. Schneider further requests the Court impose [a] sentence consistent with the parties' plea agreement, for a duration not to exceed 210 months.").

[45] *Compare* App. 131; R. Doc. 48, at 39:1-19, *and* App. 133-134; R. Doc. 48, at 41:20-42:3, *with* App. 26-27; R. Doc. 34, at 12:23-13:1 ("And as I indicated, I'll sentence him within the guidelines under a 37—so we're looking at 210 to 262 months—but he's not going to get 15 years.  He's going to get more than that.").

Appellate Case: 22-1112   Page: 16   Date Filed: 03/23/2022 Entry ID: 5139729

guilty.[46]  The district court's error affected Mr. Schneider's substantial rights.[47]

### C. The district court's plain violation of Mr. Schneider's substantial rights affects the fairness, integrity, and public reputation of judicial proceedings.

Lastly, the Government argues the plain violation of Mr. Schneider's substantial rights does not afford a remedy because it did not affect the fairness, integrity, or public reputation of judicial proceedings.[48]  Specifically, the Government argues "[n]othing about the facts of this case 'demonstrate[s] a basic unfairness and lack of integrity in the proceeding.'"[49]

But the Government's lone citation to *United States v. Pagan-Ortega* is telling.  In *Pagan-Ortega*, the First Circuit did not find the

---

[46]  *Cf. Thompson*, 770 F.3d at 698 ("If Thompson had taken any action to show that, but for the Rule 11 errors, there is a reasonable probability he would not have entered a guilty plea, we might come to a different result than we do.").

[47]  *See Kyle*, 734 F.3d at 966; *Kraus*, 137 F.3d at 457-58.

[48]  *See* Appellee's Br., at 30-31.

[49]  *Id.* at 30 (quoting *United States v. Pagan-Ortega*, 372 F.3d 22, 28 (1st Cir. 2004)) (second alteration in original).

Appellate Case: 22-1112    Page: 17    Date Filed: 03/23/2022 Entry ID: 5139729

district court participated in plea discussions.[50]  Even assuming the district court had participated in plea discussions, the court concluded any participation did not result in a "basic unfairness" because the defendant received a sentence substantially lower than the guideline range for the charges.[51]

*Pagan-Ortega* is not analogous to this case because Mr. Schneider did not receive a sentence substantially lower than his guideline range. Instead, the district court's plain violation of Mr. Schneider's substantial rights caused a basic unfairness.  As previously explained by the Fourth Circuit, a plain violation of Rule 11(c)(1) necessarily affects the fairness, integrity, and public reputation of judicial proceedings:

> given the critical interests served by the prohibition—preserving "the judge's impartiality" throughout the proceedings and preventing the public from gaining the "misleading impression" that a judge is anything less than a "neutral arbiter[]"—failure to notice this sort of clear Rule 11

---

[50]  372 F.3d at 27 ("Under the circumstances, we shall assume for the purposes of this case that the court participated in plea agreement discussions.").

[51]  *Id.* at 28.

Appellate Case: 22-1112     Page: 18     Date Filed: 03/23/2022 Entry ID: 5139729

error would almost inevitably seriously affect the fairness and integrity of judicial proceedings.[52]

In this case, the district court volunteered it would be willing to impose a certain sentence. The parties relied on that pronouncement by entering a plea agreement adopting the specific terms provided by the district court. The district court then accepted the plea agreement, but ultimately refused to impose the sentence it previously outlined it would be willing to impose. Mr. Schneider's reliance on the district court's particularized commentary during plea discussions was detrimental. The public and future litigants, being fully advised of these circumstances, would be left with the impression that the district court was less than a neutral arbitrator—the impression Rule 11(c)(1) was specifically adopted to avoid. In other words, the district court's plain error demands redress. Anything less would implicitly condone the error in the eyes of the public.

## CONCLUSION

There is no doubt that the purpose and meaning of the prohibition created by Rule 11(c)(1) is "the sentencing judge should take no part

---

[52] *United States v. Bradley*, 455 F.3d 453, 463 (4th Cir. 2006) (citation omitted).

Appellate Case: 22-1112    Page: 19    Date Filed: 03/23/2022 Entry ID: 5139729

whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to him of a plea agreement."[53] That is why no court, after finding a clear violation of Rule 11's prohibition against judicial participation in plea negotiations, has ever found the violation did not affect a defendant's substantial rights.[54] The Government offers no justification for this Court to deviate from well-established precedent. Because the district court plainly violated Rule 11's prohibition against judicial participation in plea negotiations, thereby affecting Mr. Schneider's substantial rights, this Court should vacate his sentence, guilty plea, and plea agreement, and remand with instructions to reassign his case to a new judge.

---

[53] *United States v. Werker*, 535 F.2d 198, 201 (2d Cir. 1976) (citations omitted).

[54] *Miles*, 10 F.3d at 1141, *accord Bradley*, 455 F.3d at 463.

Appellate Case: 22-1112    Page: 20    Date Filed: 03/23/2022 Entry ID: 5139729

Dated: March 23, 2022    VOGEL LAW FIRM

By: /s/ Luke T. Heck
      Luke T. Heck (ND #08133)
      Drew J. Hushka (ND #08230)
      Jesse H. Walstad (ND #07375)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
Attorneys for Appellant

- 17 -

## Certificate of Compliance and Virus-Free Certification

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 3,031 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(1)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century font.

3. The electronic versions of this brief and the accompanying addendum have been scanned for viruses and are virus-free.

Dated:  March 23, 2022  VOGEL LAW FIRM


By:  /s/ Luke T. Heck
  Luke T. Heck (ND #08133)
  Drew J. Hushka (ND #08230)
  Jesse H. Walstad (ND #07375)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Attorneys for Appellant

Appellate Case: 22-1112  Page: 22  Date Filed: 03/23/2022 Entry ID: 5139729

**CERTIFICATE OF SERVICE**

I hereby certify that an electronic copy of this brief has been submitted for review and approval on March 23, 2022, to the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: March 23, 2022

        VOGEL LAW FIRM


By: /s/ Luke T. Heck
    Luke T. Heck (ND #08133)
    Drew J. Hushka (ND #08230)
    Jesse H. Walstad (ND #07375)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
Attorneys for Appellant

Appellate Case: 22-1112    Page: 23    Date Filed: 03/23/2022 Entry ID: 5139729